## CLARK & DONALDSON v. HARRIS & LOCKE ET AL.

### Decided May 7, 1910.

**Appeal from Justice Court—Jurisdiction.**

An appeal from a Justice Court to a County Court is perfected when an appeal bond is filed in due time in the Justice Court, and the jurisdiction of the County Court can not be affected by the fact that the justice of the peace fails to prepare and transmit a transcript of the entries on his docket within the time and as required by the statute. There is a difference between the negligence of the appellant in the prosecution of his appeal and the negligence of the justice in the performance of his duty.

Appeal from the County Court of Potter County. Tried below before Hon. W. M. Jeter.

*Cooper & Stanford,* for appellants.

*R. R. Hazelwood,* for appellees.—The trial Court did not err in dismissing the appeal. Rev. Stats. art. 1674; King v. Lacy, 17 S. W., 143; Gulf, C. & S. F. Ry. Co., v. Lynch, 17 S. W., 144.

DUNKLIN, ASSOCIATE JUSTICE.—Donaldson & Clark appealed to the County Court from a judgment rendered against them as garnishees in the Justice Court on January 8, 1909. Their appeal bond was approved and filed on the same day the judgment was rendered. On January 20, 1909, all the original papers in the case were transmitted to the County Court, where they were then filed, and the case was duly entered upon the docket of the County Court. But the transcript showing copies of all entries made in the cause upon the docket of the Justice Court, was not transmitted to and filed with the clerk of the County Court until April 29, 1909, during the session of the third term of the County Court held after the date of the judgment in the Justice Court. Within the first two or three weeks after the rendition of judgment, counsel for the garnishees on two or three occasions requested the justice to make out the transcript, and on each of said occasions the justice promised to comply with the request. When the case was called for trial in the County Court on the date last mentioned, plaintiffs in the suit moved to dismiss the appeal because the transcript from the Justice Court had not been filed in the County Court within the time required by law. That motion was sustained and the appeal dismissed.

After finding the facts above noted, the trial judge reached the conclusion that the County Court was without jurisdiction to try the case and dismissed the appeal for that reason. In this ruling we think there was error. Patty v. Miller, 5 Texas Civ. App., 308 (24 S. W., 330); Campbell v. Bechsenschutz, 25 S. W., 971.

The two articles of Sayles' Texas Civil Statutes controlling in such cases are as follows:

Article 1673. "Whenever an appeal has been granted from the Justice's Court to the County Court, it shall be the duty of the justice who made the order immediately to make out a true and correct copy of all entries made on his docket in the cause, certify thereto officially, and transmit the same, together with a certified copy of the bill of costs taken from his fee book, and the original papers in the cause, to the clerk of the County Court of his county."

Article 1674. "Such transcript and papers shall, if practicable, be transmitted to the clerk of the County Court on or before the first day of the next term of such court; but if there be not time to make out and transmit the same to the first term, they may be so transmitted on or before the first day of the second term of the court."

Appellants perfected their appeal when they filed their appeal bond in the Justice Court. This gave the County Court jurisdiction of the case, and it did not lie with the justice to deprive the County Court of its jurisdiction by failing to prepare and transmit the transcript, as he was required to do by the terms of the statutes above quoted.

Under some circumstances, the party appealing might be adjudged guilty of negligence in failing to take proper steps to have the justice of the peace perform the duty imposed upon him in such cases, when the justice had failed in that duty, and this would furnish a sufficient reason to dismiss the appeal. But a dismissal under those circumstances would be for want of prosecution of the appeal with proper diligence, and could not be justified on the ground that the County Court was without jurisdiction to try the case. In this case, there was no finding

that appellants had been guilty of negligence in the prosecution of their appeal, nor was it shown that the trial of the case on its merits would have been materially delayed by reason of the failure of the justice to send up the transcript in proper time.

For the error above indicated, the judgment of the trial court dismissing the cause is reversed, and the cause remanded for trial.

*Reversed and remanded.*