## TEVEBAUGH v. SMITH LAND CO.

(Court of Civil Appeals of Texas. San Antonio. March 27, 1912.)

1. JUSTICES OF THE PEACE (§ 164*)—APPEALS—JURISDICTION OF APPELLATE COURT.

The dismissal of an appeal from a judgment of a justice of the peace, on the ground that the justice did not file the transcript within the time required by law, and that therefore the county court had no jurisdiction, is improper; the county court acquiring jurisdiction when the appeal bond was filed, under Rev. St. 1895, art. 1670.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 607–636; Dec. Dig. § 164.*]

2. JUSTICES OF THE PEACE (§ 164*)—APPEALS—DISMISSAL.

On the same day that an appeal bond was filed with a justice of the peace, he filed his transcript in the county court. At the first term of that court thereafter, the case was continued, to enable the appellant to have a new transcript filed. At the following term, the appellee moved to dismiss, but consented to a continuance without prejudice to his motion. Thereafter appellant's counsel ascertained that the motion was based on the failure of the justice to file a new transcript, and procured such a transcript to be filed. *Held,* that the dismissal of the appeal at the next term, on the ground of negligence in failing to secure an earlier filing of the transcript, was error, since the duty of filing transcripts devolves on the justice.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 607–636; Dec. Dig. § 164.*]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Action by Smith Land Company against H. C. Tevebaugh. From a judgment of the county court, dismissing an appeal from a judgment of a justice of the peace, defendant appeals. Reversed and remanded.

Edward B. Ward, of Sabinal, for appellant. Jno. W. Hill, of Uvalde, for appellee.

MOURSUND, J. This suit originated in justice's court of precinct No. 1 of Uvalde county; appellee being the plaintiff, and appellant the defendant. Judgment was rendered in favor of the plaintiff, and defendant filed his appeal bond on August 8, 1910, within the time required by law. On the same day the appeal bond was filed, the justice of the peace filed a transcript in the county court, together with the court papers. The county court convened on August 15, 1910, and it was suggested by attorney for defendant to attorney for plaintiff that the transcript was erroneous, in that it showed that the Smith Land Company was a corporation, instead of showing that it was a firm. Thereupon the case was continued by agreement, and defendant's attorney stated that he would see the justice of the peace and ask him to correct the transcript, or file a correct one. He went at once to the justice of the peace, and called his attention to the matter, and asked him to file a correct transcript. Attorney for the defendant did not live at Uvalde, and did not attend the next term of county court at Uvalde, which convened on November, 21, 1910, on account of illness in his family, but was notified by letter of plaintiff's motion to dismiss; and it was agreed that the case should go over to the next term without prejudice to plaintiff's motion. Attorney for defendant was not notified of the grounds upon which the motion was based until some time after such term of court, at which time he learned that no new transcript had been filed, and that the motion to dismiss was on that ground, and not on account of a defective bond as he had supposed. He immediately requested the justice of the peace to file another transcript. A second transcript was filed on February 1, 1911, and at the next term of court, on February 27, 1911, the court heard plaintiff's motion to dismiss the appeal and the answer thereto, and granted the motion. The court found, and so stated in the judgment, that defendant and his attorney had been guilty of negligence and delay, and that the court had no jurisdiction. It also adjudged that plaintiff recover of defendant and the sureties on his appeal bond "all costs in this behalf expended." Defendant appealed the case to this court.

The court below, at the request of defendant, filed findings of fact and conclusions of law, which it will not be necessary to copy herein.

The court arrived at the conclusion that the appeal should be dismissed for three reasons: (1) For want of jurisdiction, because no proper transcript was filed on or before the expiration of the second term of the court after the appeal in the justice's court was perfected by the filing of the appeal bond. (2) Because defendant and his attorney had been guilty of negligence in not filing a proper transcript within the time required by law, and in not showing any good reason for the said delay. (3) Because the trial of the cause in the county court would have been materially delayed, to the injury of appellees.

Appellant, by his assignments of error, complains of the rulings of the court (1) in adjudging the costs against him, (2) in hold-

ing that the appeal from the justice's court had not been perfected and prosecuted, and in dismissing the appeal on that ground, and (3) in holding that the first transcript filed in the county court was insufficient. The motion, in addition to alleging defects in the transcript, alleges negligence on the part of defendant with regard to the matter; but the prayer is specifically that the court dismiss the cause for want of jurisdiction.

[1] Article 1670 of the Revised Statutes 1895 provides that, when the appeal bond has been filed with the justice, the appeal shall be held to be perfected. In the case of Clark & Donaldson v. Harris & Locke, 129 S. W. 202, the court, after quoting articles 1673 and 1674 of Rev. Civ. Stat. of 1895, uses the following language: "Appellants perfected their appeal when they filed their appeal bond in the justice court. This gave the county court jurisdiction of the case, and it did not lie with the justice to deprive the county court of its jurisdiction by failing to prepare and transmit the transcript, as he was required to do by the terms of the statutes above quoted." The cases of Patty v. Miller, 5 Tex. Civ. App. 308, 24 S. W. 330, and Campbell v. Beschsenschutz, 25 S. W. 971, are cited by the court in support of its decision.

The court below based his conclusion of want of jurisdiction upon the failure to file a proper transcript within the time required by law. It is not contended that the first transcript failed to show a final judgment, or failed to disclose any other fact necessary to give jurisdiction, but that the caption and certificate were defective in showing that the plaintiff was a corporation instead of a firm; and the certificate was also objected to for other defects, formal in nature. No contention is made that the second transcript was defective in any particular; and it had been on file about 27 days before the appeal was dismissed.

[2] Our courts have been inclined to be lenient with persons appealing from the justice's court, with regard to the matter of filing transcript, because the law devolves the duty upon the justice of the peace to file such transcript. The case of Patty v. Miller was one in which the delay was greater than in this case, and the showing of diligence not as good, in our judgment, as in this case; yet the court held the appeal should not have been dismissed. This case was continued by agreement the first term, and also the second term; but the second continuance was on account of illness in the family of defendant's attorney. Had he been in attendance on the court, he could have had the transcript corrected and tried the case at such second term. If attorney for plaintiff had not agreed to such continuance, defendant would have had to procure another attorney, who could have had the tran-

script corrected, and proceeded with the trial. When attorney for appellant requested the justice of the peace to file a corrected transcript, he did not refuse to do so. Mandamus proceedings could not have been instituted against him until the second day of the term at which the case was continued on account of illness in the family of appellant's attorney. Therefore to hold his excuse insufficient would mean that, although excused by the court and adverse party from attending for the purpose of trying the case, yet he is not excused for not being there and instituting the mandamus proceedings. As soon as he learned that the motion was based on the absence of a corrected transcript, he again at once requested the justice of the peace to file such a transcript, and the same was then filed. If the correct transcript had been filed prior to the second term, and the case continued at such term on account of illness in the family of appellant's attorney, appellee would not have procured any speedier trial than he could have procured by trying the case at the term at which the appeal was dismissed; and the record does not show any reason why the case could not have been tried at such term.

Under the authority of the cases mentioned herein, we sustain the second assignment of error. The conclusions of law filed by the lower court are not supported by the evidence. The appeal should not have been dismissed, nor the costs adjudged against appellant. As a corrected transcript has been filed, it will not be necessary to pass on the third assignment of error.

The case is reversed and remanded.