TEVEBAUGH v. SMITH LAND CO.

(Court of Civil Appeals of Texas. San Antonio. Jan. 28, 1914. Rehearing Denied Feb. 25, 1914.)

1. APPEAL AND ERROR (§ 1203*)—REVERSAL—PROCEEDINGS ON REMAND—REINSTATEMENT OF CAUSE—NECESSITY.

Where an appeal was taken from an order of the county court dismissing a cause appealed from a justice of the peace, and the order of dismissal was reversed and the cause remanded for trial in the county court, no further order setting aside the order of dismissal was essential to reinstate the case and confer jurisdiction on the county court to retry it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4666, 4684–4691, 4693; Dec. Dig. § 1203.*]

2. COSTS (§ 266*)—APPEAL—NEW TRIAL—JURISDICTION OF COUNTY COURT.

Where an order of the county court, dismissing an appeal from a justice of the peace, was reversed by the Court of Civil Appeals and the cause remanded to the county court for trial, that court being held to have acquired jurisdiction by reason of the filing of an appeal bond, it had jurisdiction on a new trial to make all proper orders regarding costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1009–1016; Dec. Dig. § 266.*]

3. BROKERS (§ 88*)—CONSUMMATED SALE—ACTION FOR COMMISSIONS—INSTRUCTIONS.

Where, in an action for broker's commissions, it appeared that an absolute and enforceable contract for exchange of property had been made, which carried no forfeiture clause and was not conditional, the court did not err in refusing to charge that, if the sale was not performed on the part of the purchaser, through no fault of defendant, plaintiff could not recover.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. § 88.*]

4. TRIAL (§ 251*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

Where, in an action for broker's commissions, the contract obtained by the broker was an unconditional one and had been carried out by the purchaser, a requested charge that if the purchaser failed for any reason to carry out the contract, through no fault of ·defendant, plaintiff could not recover was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

5. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

A broker sued on a contract for 2½ per cent. commissions on the valuation of defendant's land, fixed by a contract of exchange, and the court charged that, if defendant listed his land with plaintiff for sale or trade, and plaintiff produced a purchaser on terms and conditions acceptable to defendant, and defendant made a contract of exchange and agreed to pay plaintiff 2½ per cent. on a valuation of $38 per acre, and the land consisted of 180 acres, then, if the jury so found, they would find for the plaintiff, and the form of their verdict would be for plaintiff in the sum of $171, with interest. Held, that since plaintiff was entitled to recover the amount specified or nothing, the instruction was not objectionable as on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from Uvalde County Court; T. M. Milam, Special Judge.

Action by the Smith Land Company against H. C. Tevebaugh. Judgment for plaintiff, and defendant appeals. Affirmed.

Edward B. Ward, of Corpus Christi, for appellant.

CARL, J. This suit was instituted in justice's court, precinct No. 1, of Uvalde county, by Smith Land Company, appellee, against H. C. Tevebaugh, to recover a commission of

2½ per cent. on a sale of land, aggregating $6,8840, and resulted in a judgment there in favor of appellee for the sum of $171. An appeal was taken to the county court of Uvalde county, and there the case was dismissed. From the order of dismissal the case was appealed to this court, and was here reversed and remanded for trial in the county court. 146 S. W. 647. On May 27, 1913, the case was tried by a jury and a verdict in favor of appellee, Smith Land Company, was there rendered for the sum of $171, with legal interest thereon from August 1, 1910, and upon this verdict judgment was entered for $199.-95. This appeal is from that judgment. Any further statement deemed necessary will be given in the following discussion.

[1] The first assignment asserts that the court was without jurisdiction to try the cause because the county court had dismissed the case and had not set aside that order and reinstated the case. Appellant appealed from that order of dismissal, and this court remanded the cause for trial. Tevebaugh v. Smith Land Co., 146 S. W. 647. Counsel for appellee must have a remarkably convincing style, because it seems that since the last appeal he has converted his adversary to his way of thinking, notwithstanding the judgment of this court; and appellant is now proclaiming the same doctrine he opposed here before. But if counsel is convinced, this court is not. When the cause was reversed and remanded for trial in the county court, it needed no further order to reinstate the case. This assignment is overruled.

[2] The second assignment cannot be sustained, because, when this case was reversed before, it was remanded for trial in the county court, and that court, on the verdict of the jury, was authorized to enter proper judgment for costs. This court held on the former appeal that the case was properly within the jurisdiction of the county court of Uvalde county by reason of an appeal bond having been duly filed, and, that being true, that court could not dismiss the appeal and adjudge the costs on such dismissal. But the very fact that the court did have jurisdiction of the case gave it the right to make all proper orders respecting costs. Appellant cites Western Union Telegraph Co. v. McKee Bros., 135 S. W. 658, in support of his contention that a judgment of dismissal deprived the court of any further power in the case, and therefore there existed no power to adjudge costs, and that it was equivalent to a dismissal of the case. This is wide the mark. The judgment of dismissal was appealed from, and this court sent the case back for a trial which was had. So it will be seen the *order of dismissal was superseded by the judgment of this court.* There was no error.

[3] Complaint is made that appellant's special charge No. ———, in effect telling the jury that if the sale was not performed on the part of the purchaser for defendant's land in question, through no fault of defendant, the plaintiffs were not entitled to recover the commission sued for. In support of this Crum v. Slade & Bassett, 154 S. W. 351, is cited, where it is held that a sale contract, which provided that same might be defeated by the losing of forfeit money put up, would not entitle the broker to his commission. That is not an unconditional contract of sale, and may be defeated as stated. In that case $2,000 was put up as a forfeit, with the provision that if the purchaser did not comply, $1,500 went to the owner of the land and $500 to the agents. Neither does Burch v. Hester & Lawhon, 109 S. W. 399, apply, because the agent there agreed to close the deal and did not do so. The owner sold the land; and the court held that, unless he had expressly waived the right to sell the land, the owner retained that right. That was a contract that not only required the agent to find the purchaser but to actually make the sale.

The evidence of the plaintiffs in this case shows that they sold the land. It was a contract of exchange, and the evidence introduced by appellant showed that the sale was actually made, for he introduced a judgment of the district court of Uvalde county, cause No. 1495, showing where he and wife sued Threadgill to rescind the sale. He failed to do this, but the jury gave him $1,000 damages. The contract of sale was not a conditional one, but was an absolute contract for the exchange of property. It was enforceable in law.

About the sale having been consummated, we do not have to speculate, for the evidence introduced by the defendant below shows that he deeded the 180 acres of land, a part of the W. T. Lightfoot survey No. 408 and a part of survey No. 408½ in the name of E. Uron to W. W. Threadgill, and tried to recover same in the suit above referred to and failed. So there is no doubt about the sale. The contract carried no forfeiture clause. The agreed sale price or exchange value of defendant's land was fixed at $6,840 in said contract.

[4] Appellant complains that the court erred in refusing his special charge No. 3, to the effect that the jury would find for the defendant if they believed the purchaser, if any, for the land failed, for any reason, to carry out the contract of sale, and that through no fault of the defendant. There was no error in this, because the contract was not a conditional one, and what is more, it was carried out. The cases of H. E. & W. T. Ry. Co. v. Keller, 90 Tex. 214, 37 S. W. 1062, and Brackenridge v. Claridge, 91 Tex. 527, 44 S. W. 819, 43 L. R. A. 593, do not apply. In the last-named case, the agent merely got a party to take an option on the land, and in the former case there were conditions. But in this case we have neither of these conditions.

The sixth assignment is without merit, and is overruled.

[5] The first paragraph of the court's charge is: "If you believe from a preponderance of the evidence that the defendant, H. C. Tevebaugh, listed his land with the plaintiff, Smith Land Company, for sale or trade, and that plaintiff produced a purchaser for said land on terms and conditions acceptable to defendant, and that defendant made a contract and traded the said land to the purchaser produced by plaintiff, and that defendant agreed to pay plaintiff the sum of 2½ per cent. on a valuation of $38 per acre for his land, and that said land consisted of 180 acres, then if you so find, you will find for the plaintiff, and the form of your verdict may be: 'We, the jury, find in favor of the plaintiff, Smith Land Company, in the sum of one hundred seventy-one dollars, with legal interest from August 1, 1910.' And one of your number sign the same as foreman"—and this is assailed in the seventh assignment as being on the weight of the evidence. The contract introduced showed the land to be 180 acres valued at $6,840, and 2½ per cent. on that is $171. There was no issue in the case that authorized the court to charge otherwise. The plaintiff was entitled to all that amount or nothing at all. So the charge is not subject to the criticism made, and the assignment is overruled.

We find no reversible error, and the judgment is affirmed.