IMPERIAL MOTOR SALES CO. v. BRANNON. (No. 9183.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 29, 1919.)

1. JUSTICES OF THE PEACE ⊙164(3) — FAILURE OF JUSTICE TO FORWARD TRANSCRIPT ON APPEAL NOT GROUND FOR DISMISSAL.

When plaintiff's appeal from the justice court to the county court was perfected, jurisdiction of the suit was thereby vested in the county court, and it was not destroyed by the failure of the justice to forward to the county court a transcript of his proceedings, as required by Rev. St. 1911, art. 2396, and failure of the justice to file such transcript, though it continued for more than two terms, will not warrant dismissal.

2. JUSTICES OF THE PEACE ⊙166(2)—PLAINTIFF'S APPEAL NOT ABANDONED BY FILING SECOND SUIT DISMISSED.

An appeal from the justice to the county court will not be dismissed, because appellant, before disposition of the appeal, filed a second action in the county court on the same cause, where such second action was thereafter dismissed by appellant; the institution of the second action not being an abandonment of the first.

Appeal from Wichita County Court; J. P. Jones, Judge.

Action by the Imperial Motor Sales Company against J. A. Brannon, begun in justice court, and appealed by plaintiff to county court. From a judgment there dismissing the action, plaintiff appeals. Reversed and remanded.

W. E. Fitzgerald, of Wichita Falls, for appellant.

Weeks & Weeks, of Wichita Falls, for appellee.

DUNKLIN, J. This suit was instituted by Imperial Motor Sales Company against J. A. Brannon in the justice court, where judgment was rendered in favor of the defendant. From that judgment an appeal was perfected to the county court by the plaintiff. The judgment in the justice court was dated December 10, 1917, but the justice did not make out and file in the county court a transcript of proceedings in that court until June 10, 1918. The filing of the transcript at that date was in obedience to a writ of mandamus issued by the county judge upon the plaintiff's petition therefor. Thereafter, and on December 7, 1918, the county court dismissed the case on motion of the defendant, from which order of dismissal plaintiff has prosecuted an appeal to this court.

In the order of dismissal, two reasons were assigned for such action: First, that more than two terms of the county court had elapsed between the date of the judgment in the justice court and the date of the filing of the transcript from that court in the county court; second, that the plaintiff, on January 23, 1918, had filed a suit in the county court against the defendant Brannon, involving the same subject-matter of the suit in the justice court, and thereby had abandoned its appeal from the justice court to the county court.

From the statement of facts, it appears that plaintiff did institute suit in the county court upon the promissory note sued on in the justice court and another demand, both demands aggregating a sum within the original jurisdiction of the county court; but it also appears that on May 1, 1918, the plaintiff dismissed that suit.

[1, 2] When plaintiff's appeal to the county court was perfected, jurisdiction of the suit instituted in the justice court was thereby vested in the county court, and jurisdiction of the latter court was not destroyed by the failure of the justice of the peace to prepare and forward to the county court a transcript from his docket, showing the proceedings in the case as he was required to do by article 2396 of the Revised Statutes. Nor do we think that the institution of the second suit in the county court, which was later dismissed, should be held to be an abandon-

ment of the appeal from the justice court. Tevebaugh v. Smith Land Co., 146 S. W. 647; Clark v. Harris, 61 Tex. Civ. App. 56, 129 S. W. 202; Patty v. Miller, 5 Tex. Civ. App. 308, 24 S. W. 330; Campbell v. Bechsenschutz, 25 S. W. 971. The pendency of another suit upon the same cause of action is sometimes invoked for the purpose of abating the second suit, in which it is urged; but we know of no rule that the institution of a second suit upon the same cause of action amounts in law, ipso facto, to an abandonment of the first suit in another court of competent jurisdiction, especially when the second suit is dismissed by plaintiff. 1 Cyc. 21; 11 Cyc. 985, 987.

For the reasons indicated, the judgment of the county court, dismissing the cause of action, is reversed, and the cause remanded.