## McCORVEY v. HUDDLESTON.  (No. 2921.)

(Court of Civil Appeals of Texas.  Texarkana. May 1, 1924.)

**1. Justices of the peace ⊚⟞164(3)—County court not divested of jurisdiction of appeal perfected by filing bond by failure to file transcript in time.**

Under Rev. St. arts. 2393, 2394, filing of appeal bond approved by justice vests jurisdiction in county court, which is not divested thereof merely because transcript from justice's docket is not filed within time required by law.

**2. Justices of the peace ⊚⟞164(3)—Appeal to county court may be dismissed for lack of diligence in filing transcript.**

On showing of lack of diligence by party appealing from justice to county court to have transcript and proceedings filed in county court as required by Rev. St. arts. 2396, 2397, appeal may be dismissed as for want of prosecution, though perfected by filing bond.

**3. Justices of the peace ⊚⟞164(3)—Appellate court held not warranted in setting aside dismissal by county court for lack of diligence in filing transcript on appeal from justice court.**

Where plaintiff, appealing from justice to county court, did not offer to file transcript when motion to dismiss appeal for lack of diligence to file transcript in time was made, and court found no cause shown for subsequent delay in offering to file it, on motion to reinstate cause, Court of Civil Appeals *held* not warranted in setting aside judgment of dismissal.

Error from Van Zandt County Court; Charles L. Hubbard, Judge.

Suit by W. M. McCorvey against J. J. Huddleston. Appeal to county court from judgment for defendant was dismissed, motion to set aside order of dismissal was overruled, and plaintiff brings error. Affirmed.

The plaintiff in error sued the defendant in error in the justice court, and from a judgment entered on May 30, 1922, in favor of the defendant in error on his plea in reconvention, the plaintiff in error gave notice of appeal to the county court and filed an appeal bond, all in due time. The appeal bond was filed with and approved by the justice of the peace on June 6, 1922. The justice of the peace on June 7, 1922, delivered the appeal bond and all the original papers of the cause to the clerk of the county court, who filed the same on June 7, 1922, and at the same time docketed the cause in regular form. The justice of the peace did not make out a regular transcript and have it filed by the county clerk, but did make out and deliver to the county clerk, who filed it on June 7, 1922, the following:

"Abstract of Judgment.

"The State of Texas, County of Van Zandt.

"I, Fred W. Covert, justice of the peace for precinct No. one, Van Zandt county, Texas, do hereby certify that in the justice's court of precinct No. one, Van Zandt county, Texas, in a certain suit pending in said court, wherein W. N. McCorvey plaintiff and J. J. Huddleston defendant, No. 832, the said Deft. recovered judgment against said Pltf. on the 30 day of May, 1922, for the sum of one hundred ninety-seven $50/100$ dollars, with interest on said amount from the 30 day of May, 1922, at the rate of 6 per cent. per annum and $34 $31/100$ costs of suit. Said judgment is of record in volume 1, page 131, Records of said court. Said judgment is entitled to following credits, to wit: ———

"There is now still due on said judgment 197 $50/100$ dollars with interest on said amount from the 30 day of May, 1922, at the rate of 6 per cent. per annum and $34$31/100$ costs of suit.

"Given under my hand and seal of office, at Canton, this 6 day of June, 1922. Fred W. Covert, Justice of the Peace, Precinct No. One, Van Zandt County, Texas."

At the August term of the county court, next after filing the appeal bond, there was entered on the minutes of that court an order of continuance "by agreement." At the November term following of the county court, the defendant in error made a motion—

"To dismiss the appeal in this cause for the following reasons, to wit: Because this cause originated in the justice court, and has been appealed from said court, that there has not been filed in this court a transcript of the judgment of the justice court as required by law. That said case was tried in the justice court of Van Zandt county in May, 1922, and there have been three terms of the county court since said date and that no transcript has ever been filed in this court. Wherefore this defendant moves the court to dismiss said appeal."

The court granted the motion on November 8, 1922. On November 13, 1922, the plaintiff in error filed a motion to set aside the order of dismissal, and that he be allowed to now file a properly certified complete transcript, offering at the same time to announce ready for trial. The court overruled the motion, reciting in the order the reasons therefor as follows:

"That said motion was filed on November 13, 1922, more than two days after judgment of dismissal was rendered herein, and no cause for such delay shown."

The plaintiff in error has excepted to the order of dismissal and to the order overruling the motion to set aside the order of dismissal.

Wynne & Wynne and Earl M. Greer, all of Wills Point, for plaintiff in error.

Stanford, Sanders & West, of Canton, for defendant in error.

LEVY, J. (after stating the facts as above). The court, on motion of the defendant in error, "dismissed," as it appears, "the appeal" of this cause from the justice court for failure, due to lack of diligence, to comply with the requirement of the law that a transcript, or true copy of all docket entries in the cause in the justice court, be filed in the county court "on or before the first day of the second term of the court" after an appeal has been granted from the justice to the county court. The motion was made and granted during the third term of the county court after the appeal from the justice court, and at that time a "transcript," in accordance with the terms of the statute providing for a transcript, had not been transmitted from the justice court and filed in the county court, or any steps taken to have it done. And at the time the motion was made and the court granted the same, the plaintiff in error, who was the appellant in the cause, made no 'offer or attempt to file the transcript. The offer to submit and file the transcript was made subsequently, on a motion "to reinstate the cause." The court refused the motion, because, as stated, the motion "was filed more than two days after the order was made and no cause shown for such delay," and "no just cause is shown for setting aside said order and reinstating said cause."

[1] The point for review on this appeal is that of whether or not the court erred in the premises. The statute provides that the appeal from a justice to the county court "shall be held to be thereby perfected" when the party appealing shall, within ten days from the date of the judgment, file with the justice a bond, or the proper affidavit of inability to give bond. Articles 2393, 2394, R. S. And the filing of the bond in the justice court, approved by the justice, vests jurisdiction of the suit instituted in the county court, and the power, as such, of the county court over the suit is not rendered ineffective or taken away by the mere fact alone that a transcript from the justice's docket has not been filed within the special time required by law. Clark & Donaldson v. Harris & Locke, 61 Tex. Civ. App. 56, 129 S. W. 202; Tevebaugh v. Smith Land Co. (Tex. Civ. App.) 146 S. W. 647; Imperial Motor Sales

Co. v. Brannon (Tex. Civ. App.) 217 S. W. 761; and other cases.

[2] An appeal upon the conditions of the statute is a matter of right. But since the appeal to the county court operates as the commencement of a new suit to annul and set aside the judgment of the justice court, and not a continuation of the suit below to which it relates (Gibbs v. Belcher, 30 Tex. 79), the statute has provided a mode or method for bringing up the whole record or proceeding involving the judgment in the justice court for purposes of review and trial in the county court. The statute requires the following record or proceeding to be transmitted to and filed in the county court, in order to the proper exercise of the right of the county court to try the cause de novo, viz.: (1) A true and correct copy of all the entries made on the justice's docket in the cause, officially certified by the justice; (2) a certified copy of the bill of costs taken from the justice's fee book; (3) all the original papers. Article 2396, R. S. Such transcript and papers shall, if practicable, be transmitted and filed in the county court on or before the first day of the next term of such court after the appeal is granted from the justice court, or, if there be not time to do so, then on or before the first day of the second term of such court. Article 2397, R. S. These provisions are made in the nature of a restriction upon the exercise by the court of a right to try the cause, unless and until all the records and proceedings are officially before such court. Until the transcript and papers are filed in the county court, the cause as such is not actually transmitted for orderly and legal trial from the one tribunal to the other. There is an absence of legal proof of any judgment, the character of the judgment, and of the parties to the suit, and of the amount in controversy, or nature of relief sought. All these things are essential to the jurisdiction of the county court, and for its information, intended to be supplied to the court by the transcript. Therefore, under proper circumstances appearing showing lack of diligence on the part of the party appealing to have the transcript and proceedings filed in the county court, the appeal, although perfected by filing the bond, may be dismissed, as for want of prosecution of the appeal. Cariker v. Dill (Tex. Civ. App.) 140 S. W. 843; Railway Co. v. Aycock (Tex. Civ. App.) 201 S. W. 664; Piquero & Smith v. Carlin (Tex. Civ. App.) 208 S. W. 956; Clark v. Maund (Tex. Civ. App.) 216 S. W. 257.

[3] As seen by the cases, the rule is clear that, although the county court acquires jurisdiction of the appeal by filing the appeal bond in the justice court, the appeal may thereafter be dismissed for want of prosecution, where there is lack of proper diligence

on the part of the party appealing to have the proper transcript and papers filed in the county court in time required by law. As to whether proper diligence is shown in any case must depend upon the facts of each case. In the present case there is involved a finding by the ·trial court that "good cause" for not filing the transcript is not shown; and when the motion to dismiss was made the plaintiff in error did not, as appears, at that time offer to file a transcript. The offer to file a transcript was not made until afterwards; and the court in effect concluded that a sufficient reason for the delay was not shown.

This court is not warranted, in the record, in setting aside the judgment, and it is affirmed.