### GILLASPIE v. STREETER.   (No. 9042.)

Court of Civil Appeals of Texas.   Galveston.
Nov. 3, 1927.

Rehearing Denied Dec. 8, 1927.

Justices of the peace ⟐162(2)—Justice's failure to properly prepare transcript did not deprive county court of jurisdiction acquired when appeal bond was filed (Rev. St. 1925, arts. 2456, 2459).

On party perfecting an appeal from justice court by filing appeal bond as required by Rev. St. 1925, art. 2456, county court acquired jurisdiction, and failure of justice to prepare and transmit transcript as required by article 2459 did not deprive county court of its jurisdiction.

Appeal from Walker County Court; A. T. McKinney, Jr., Judge.

Action by William Streeter against W. O. B Gillaspie. On appeal by defendant to the county court from a judgment in the justice court in plaintiff's favor, plaintiff's motion to dismiss the appeal was granted, and defendant appeals. Reversed and remanded.

W. O. B. Gillaspie, of Huntsville, pro se.

P. H. Singeltary, of Huntsville, for appellee.

LANE, J.   Appellee, Streeter, filed this suit in the justice court of precinct No. 1 of Walker county, Tex., against appellant, Gillaspie, to recover the sum of $114 alleged to be the balance due him upon a certain contract. There is nothing in the transcript showing of what the answer of the defendant, if any, consisted in the justice court.

On the 3d day of July, 1926, judgment was rendered in said justice court in favor of the plaintiff, Streeter, against the defendant, Gillaspie, for the sum of $114 as prayed for. In due time the defendant filed his appeal bond, and thereby perfected his appeal to the county court of Walker county. Shortly after perfecting his appeal (date not shown), the justice of the peace made a transcript of all the proceedings which took place in his court, except that he omitted to embody therein the judgment rendered in his court, and forwarded the same, together with the papers in the cause, to the clerk of the county court.

The cause was continued at the first term of the county court after the appeal was perfected, and tentatively set for trial on November 6, 1926, during the second term after the appeal was perfected. On the last-mentioned date, counsel for Streeter filed a motion asking that the appeal be dismissed because the transcript was not in manner and form as required by law, in that it did not contain a copy of the judgment rendered in the justice court, and in that it did not show that a final judgment was rendered in the justice court.

Immediately after such motion was filed, a transcript in conformity of law was presented to and filed by the clerk of the county court, showing the judgment rendered, which on its face appeared to be a final judgment; there being nothing in the record to show that the defendant pleaded in reconvention in the justice court. The case was then passed to the 10th day of November, at which time the court sustained Streeter's motion to dismiss the appeal, and judgment was entered dismissing the appeal. W. O. B. Gillaspie has appealed to this court, and insists that the court erred in dismissing his appeal.

We sustain appellant's contention. Article 2456 of the Revised Statutes of 1925 provides that, when the appeal bond mentioned therein has been filed with the justice, the appeal shall be held to be perfected. Appellant therefore perfected his appeal when he filed his appeal bond in the justice court. This gave the county court jurisdiction of the case, and it did not lie with the justice to deprive the county court of its jurisdiction by failing to prepare and transmit the transcript in time and manner as he was required to do by article 2459 of the Statutes. Tevebaugh v. Smith Land Co. (Tex. Civ. App.) 146 S. W. 647; Wells v. Driskell, 105 Tex. 77, 145 S. W. 333; Clark & Donaldson v. Harris, 61 Tex. Civ. App. 56, 129 S. W. 202; Petty v. Miller (Tex. Civ. App.) 24 S. W. 330; Campbell v. Bechsenschutz (Tex. Civ. App.) 25 S. W. 971.

The case last cited is one presenting practically the same conditions as are presented in the case before us. The syllabus of that case shows the holding of the court writing the decision, and is as follows:

"Appellant perfected his appeal from the justice to the district court by filing a bond which was approved by the justice. The justice failed to transmit a transcript of the proceedings on or before the first day of the second term following, as required by law, but transmitted it during such term. *Held*, that appellant's failure to apply for mandamus to compel the jus-

tice to send up the transcript was not ground for dismissing his appeal."

For the reasons pointed out, the judgment is reversed, and the cause remanded for trial on its merits.

Reversed and remanded.