## CITY OF CORPUS CHRISTI v. JOHNSON.
### No. 8926.

Court of Civil Appeals of Texas. San Antonio.

July 20, 1932.

John S. McCampbell, of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, C. J.

Appellee seeks to dismiss the appeal to this court because appellant did not file the transcript of the proceedings in the justice's court on the first day of the first term of the county court after the rendition of the judgment in the justice's court, nor on the first day of the second term showing good cause for the failure to file at the first term. It is not claimed that the appeal had not been perfected by appellant to the county court, unless a failure to give notice as shown by the transcript prevented the perfection of an appeal. The county court sustained the appeal, and it will be presumed that he found that appellant had done all that was required of it to perfect its appeal. The county court overruled a motion to dismiss.

When the appeal was perfected by appellant, it was the duty of the justice of the peace to file a transcript of the proceedings in his court in the county court, as required by law, and the appellant would not be held liable for a failure of the justice of the peace to perform his duty. Patty v. Miller, 5 Tex. Civ. App. 308, 24 S. W. 330; Campbell v. Bechsenschutz (Tex. Civ. App.) 25 S. W. 971; Tevebaugh v. Smith Land Co. (Tex. Civ. App.) 146 S. W. 647; Imperial Motor Sales Co. v. Brannon (Tex. Civ. App.) 217 S. W. 761; McCorvey v. Huddleston (Tex. Civ. App.) 262 S. W. 567; Gillaspie v. Streeter (Tex. Civ. App.) 300 S. W. 966; Wells v. Driskell, 105 Tex. 77, 145 S. W. 333. The statute, article 2459, Revised Texas Statutes, requires the justice of the peace, when an appeal is taken from his court, to prepare the transcript and to send the same to the proper court. When a party has perfected his appeal to the county or district court from a justice's court, there is no further duty resting upon him in connection with the transcript.

The county judge overruled a motion to dismiss the appeal made on the grounds that no notice of appeal was given in the justice's court and that the transcript was not filed in the statutory time. It must have been found that no notice was required by the statute, but, if required, that the justice of the peace had notice of the appeal, because otherwise he would not have prepared a transcript, and that it was his fault that the same was not filed, as required by law, and appellant should not be deprived of the appeal because of the delinquency of the justice of the peace. The city did all it was required to do, and the county court had jurisdiction of the cause.

The motion to dismiss the appeal in this court is overruled.