**UPHAM et al. v. McCARSON, Justice of the Peace.**

**No. 12776.**

Court of Civil Appeals of Texas. Fort Worth.
Jan. 28, 1933.

Penix & Penix, of Mineral Wells, for appellants.

E. G. Thornton, of Olney, for appellee.

DUNKLIN, Justice.

A. A. Cooper instituted a suit in the justice court of Young county against S. P. Upham and J. A. Upham, doing business in Olney, Tex., as a copartnership under the firm name of City Gas Company, to recover the sum of $15. The defendants in that suit filed a cross-action to recover of the plaintiff the sum of $184.25.

The case was tried in the justice court and a judgment was rendered in plaintiff's favor for the sum of $5.38, dismissing the cross-action on motion of plaintiffs by reason of the fact that no evidence was introduced in support thereof.

The defendants in due time presented to the justice of the peace an appeal bond for the purpose of appealing the case to the county court of Young county, conditioned as required by statute for an appeal bond in the sum of $30 with good and sufficient sureties thereon; but the justice of the peace refused to approve and file the bond on the ground that the judgment was for less than $20 and therefore could not be appealed, and because of the failure of the defendants to offer evidence in support of their cross-action. Thereupon the defendants in the cause filed in the county court a petition for mandamus to compel the justice of the peace to approve the bond and to prepare a transcript of the proceedings in that court and send the same to the clerk of the county court in terms of the statutes in such cases made and provided, which it was alleged the justice of the peace had refused to do. All of the proceedings just related were alleged in the petition for mandamus. The county court sustained a general demurrer to the petition and refused to issue the writ of mandamus prayed for, and this appeal has been perfected from that order.

By article 1957, Rev. Civ. Statutes of 1925, the county judge is authorized to issue writs of mandamus, injunction, sequestration, attachment, garnishment, certiorari, and supersedeas, and all other writs necessary to the enforcement of the jurisdiction of the court. This statute is in accord with article 5, § 16 of the state Constitution. And it is a well-settled rule of decision in this state that the county judge may issue a writ

of mandamus to compel the justice of the peace to perform all duties required of him by the statute necessary to transfer the case to the county court whenever the appellant takes the necessary steps therefor. Fry v. McDuffey (Tex. Civ. App.) 46 S.W.(2d) 377, and decisions there cited. As against a general demurrer all the allegations of the petition for the mandamus must be accepted as true, and so construed, the relators in the petition for a writ of mandamus show a clear right to have the justice of the peace approve their appeal bond and send up a transcript of the proceedings in that court to the county court.

However, the rule is equally as well settled that a writ of mandamus will not issue when the party applying therefor has an adequate remedy at law for the relief sought in the mandamus proceedings, and that since the same is an extraordinary writ the issuance of it rests largely in the sound discretion of the court. Barry v. Screwmen's Ass'n, 67 Tex. 250, 3 S. W. 261; Munson v. Terrell, Commissioner of General Land Office, 101 Tex. 220, 105 S. W. 1114; Glidden Stores v. Boyd, 116 Tex. 172, 287 S. W. 1093; Kidder v. Hall, 113 Tex. 49, 251 S. W. 497; 18 R. C. L. pp. 128, 132, 133. In the Munson Case a writ of mandamus was denied on the ground of laches on the part of the relator in failing to sooner apply for the writ.

By subdivision 2, title 27, Rev. Civ. Statutes, beginning with article 941, and also by article 2460, a clear right is given to the losing party, to a writ of certiorari to remove a case from a justice court to a county court, without resort to the statutory remedy of appeal. Article 944 provides that the writ shall not be granted unless the applicant shall make affidavit setting forth sufficient cause to entitle him thereto; and article 945 reads as follows: "To constitute a sufficient cause, the facts stated must show that either the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect."

Article 947 provides for the filing of a bond with two or more good sufficient sureties, to be approved by the clerk, payable to the adverse party, in such sum as the judge shall direct, to the effect that the party applying therefor will perform the judgment of the county or district court, if the same shall be against him. Article 949 provides that the writ of certiorari will issue instanter when the affidavit, order of the judge, and bond, shall have been filed; and article 950 provides that upon service of such writ of certiorari being made upon the justice of the peace, he shall stay further proceedings on the judgment and forthwith comply with said writ.

We believe it clear from the allegations in the relators' petition for the mandamus that they had an adequate remedy by certiorari proceedings to have the case brought up to the county court, and for that reason we conclude that the county court did not err in refusing to grant the writ of mandamus.

Accordingly, all assignments of error are overruled, and the judgment of the trial court is affirmed.