### EL CONTINENTAL PUB. CO., Inc., v. BLUMENTHAL.

### No. 2872.

Court of Civil Appeals of Texas. El Paso.

Sept. 28, 1933.

Potash & Cameron and Leon Kotosky, all of El Paso, for appellant.

W. J. Bryan, of El Paso, for appellee.

WALTHALL, Justice.

Appellee sued appellant in the justice of the peace court for $175, and on the 19th day of August, 1932, recovered judgment for $100, from which judgment appellant undertook to prosecute an appeal to the county court at law. Appellant duly gave notice and filed his appeal bond, which was approved by the justice on August 29, 1932, and on the day of filing said bond appellant requested that the transcript on appeal be prepared and sent to the county court at law. On the 5th day of September, 1932, at the request of appellee's attorney, the case was set for trial for the September term. The transcript had not been sent to the county court at law for the September term. The attorney for appellee then requested the justice of the peace to send up the transcript to the November term of the county court at law. On the 3d day of December, 1932, the transcript not having been sent to the county court at law, the attorney for the appellee applied to the justice of the peace for a writ of execution upon the judgment rendered in that court, whereupon the attorney for appellant again demanded that the transcript be sent to the county court at law. The trial court found that the appeal bond had been misplaced by the justice of the peace and was "not found until about the time the transcript was filed with the County Clerk of El Paso County, on December 5th, 1932; that the attorneys for the defendant (appellant) did not know that said bond had been misplaced until about the 3rd day of December, 1932, and that the misplacing of the bond was not the cause of their (attorneys

for appellant) failure to use proper diligence in having the transcript prepared and filed according to law." Without quoting at length from the trial court's findings, it seems that, when the case was set for trial at the September term of the county court at law, the attorneys for appellant "assumed that the transcript had been properly prepared and filed," and made no inquiry as to said transcript until "about the 3rd day of December, 1932."

On January 20, 1933, appellee filed a motion to dismiss the appeal on the ground that the transcript was not filed within the time required, and for that reason the county court at law "was without jurisdiction to try and determine said cause." The court concluded that "the transcript was not filed with the County Clerk * * * within the time required, * * * and the defendant has not shown such diligence as will excuse the delay in filing said transcript, * * * the cause should be dismissed for want of prosecution and judgment is accordingly rendered dismissing said appeal." The judgment entry is that "the said motion of the plaintiff * * * be sustained and the appeal accordingly dismissed."

From the judgment dismissing the appeal, appellant prosecutes this appeal.

### Opinion.

From the above it will be noted, from the court's conclusion of law, that the appeal was dismissed for want of prosecution, and the judgment entry dismissing the appeal was for want of jurisdiction of the court to try the case on account of the failure to file the transcript within the time required.

We need not discuss the difference between a want of jurisdiction of the court to try the case and the lack of diligence in the prosecution of the case. The rule seems to be settled that a judgment in a case tried to the court must be supported by the findings of fact and conclusions of law, where such findings and conclusions are made, Braddock v. Brockman (Tex. Civ. App.) 29 S.W.(2d) 811; Texas Jurisprudence, vol. 25, p. 484, par. 103; the reason for the rule, as stated in the cases referred to, being to enable the losing party to test the correctness of the judgment thereby. However that may be, we think to consider only the ground for dismissing the appeal as stated in the motion as the judgment sustains the motion and dismisses the appeal for want of jurisdiction to try the case, for the reason that the transcript was not filed with the county clerk within the time required; that is, to the 1st day of the November term of the court. Article 2459, R. C. S. The transcript was filed with the county clerk on the 5th day of December, 1932, and the motion to dismiss for want of jurisdiction to try the case was filed and presented to the court on January 20, 1933, so that at the time the motion was filed and presented to the court for action the transcript had then been on file some forty days. The appeal bond had therefore in due time been duly filed and approved. Article 2456 of the Statutes provides that, when such bond has been filed with the justice, "the appeal shall be held to be thereby perfected." The filing of the appeal bond in the justice court, approved by the justice, vests jurisdiction of the suit in the county court at law, and the power, as such, of the county court over the suit is not rendered ineffective or taken away by the mere fact alone that a transcript from the justice's docket has not been filed within the special time required by law. Clark & Donaldson v. Harris & Locke, 61 Tex. Civ. App. 56, 129 S. W. 202; Tevebaugh v. Smith Land Co. (Tex. Civ. App.) 146 S. W. 647; Imperial Motor Sales Co. v. Brannon (Tex. Civ. App.) 217 S. W. 761; McCorvey v. Huddleston (Tex. Civ. App.) 262 S. W. 567.

An appeal upon the conditions stated is a matter of right. The statute, however, has provided a method of bringing up the whole record involving the judgment in the justice court from which the appeal is taken for purposes of review and trial in the county court at law. To that end and purpose the statute, article 2459, requires that the justice make a true and correct copy of the entries made on his docket in the cause, certify thereto officially, and send it with the certified copy of the bill of costs, and the original papers, to the clerk of the county court by the time stated, the first day of the next term of such court, if there should not be sufficient time then to the first day of the next term. Such provisions serve as a restriction upon the right to try the case, and, in the absence of such record, there would be no legal proof of any judgment, parties to the suit, the amount in controversy, or the nature of the relief sought. Such transcription is essential to the jurisdiction of the county court at law for its information. And, as has been said, under proper circumstances being made to appear, showing lack of diligence on the part of the party appealing to have the transcript and proceedings filed in the county court, the appeal, though perfected by filing the bond, may be dismissed for lack of proper diligence in the prosecution of the appeal. As stated, however, at the time the motion to dismiss for want of jurisdiction of the court to try the case, the court had jurisdiction both by reason of the filing and approval of the bond and the filing of the transcript. Since the judgment dismissed the case for want of jurisdiction in the court to try the case, the question of lack of diligence to bring up the record is not before us.

We think it was error to dismiss the case for want of jurisdiction.

The case is reversed and remanded to the county court at law for trial.