## SATTERFIELD, Inc., v. RUMLEY.

### No. 12649.

Court of Civil Appeals of Texas. Dallas.

Oct. 15, 1938.

J. J. Fagan, of Dallas, for appellant.

Margaret Scottino and G. Ray Lee, both of Dallas, for appellee.

LOONEY, Justice.

This appeal is from an order of the court below, sustaining a motion to dismiss a certiorari proceeding. G. G. Rumley sued and obtained judgment against Satterfield, Inc., in a Justice Court for the sum of $191.86. In its petition for certiorari, appellant alleged that, "Your petitioner now says that he gave notice of appeal to the County Court of Dallas County at Law No. Two, and perfected his appeal by filing bond with said Justice of the Peace, but said appeal was never sent to the County Court of Dallas County at Law No. Two * * *."

An appeal having been perfected from the Justice Court to the County Court, the latter obtained jurisdiction of the case, and its power over the same was not lost by reason of the fact that the Justice of the Peace failed to transmit to the County Clerk a transcript of his docket entries together with a bill of cost and the original papers, as required by law. El Continental Pub. Co. v. Blumenthal, Tex.Civ.App., 63 S.W.2d 1056; Tevebaugh v. Smith Land Co., Tex.Civ.App., 146 S.W. 647; Imperial, etc., Co. v. Brannon, Tex.Civ.App., 217 S.W. 761; McCorvey v. Huddleston, Tex. Civ.App., 262 S.W. 567. It was the duty of appellant to see that the Justice discharged his duty in the respect mentioned, and could have invoked the power of the County

Court to compel by mandamus the performance of such duty (Art. 1957, R.S.).

 A certiorari to review a Justice Court judgment is not granted as a matter of right, but is a matter of discretion, and will not be granted at all where it appears that the right of appeal is lost or an appeal perfected is abandoned (as in the instant case) through the negligence of the appealing party. Hodginson v. Pena, Tex.Civ. App., 247 S.W. 600; Roberts v. Kirk, Tex. Civ.App., 43 S.W.2d 966.

We find no error in the action of the court in dismissing the certiorari, therefore its judgment is affirmed.

Affirmed.