**STATE v. McKENNA, Justice of the Peace.**
**No. 12443.**

Court of Civil Appeals of Texas. Galveston.
Nov. 6, 1952.

Rehearing Denied Dec. 4, 1952.

---

Raymond E. Magee, County Atty. of Galveston County, and Jack W. Callahan, Asst. County Atty., of Galveston, for appellant.

Frank B. Nussbaum, Atty., Kleinecke, Nussbaum & Piperi, H. E. Kleinecke, Jr. and James A. Piperi, of counsel, of Galveston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order of the County Court of Galveston County refusing to grant an application for a writ of mandamus requiring James L. McKenna, a Justice of the Peace, of Galveston County, to prepare and transmit to the County Court of Galveston County a transcript of the proceedings had in his court in Cause No. 43,055, styled The State of Texas v. 106 Electric Race Horse Machines.

The material facts in the record are to a large extent undisputed. A Texas Ranger seized 106 alleged slot machines in a warehouse in Galveston on September 13, 1951. On September 27, 1951, a show cause hearing, as provided for by V.A.T.S. Penal Code, Article 642a, was held by said court, and on October 8, 1951, appellee entered judgment holding that the seized machines were not slot machines and the Texas Ranger was ordered to return possession thereof to Wiley & Nicholls Company. On October 19, 1951 the State of Texas gave notice of appeal to the County Court of Galveston County and requested that a transcript be prepared and forwarded to the County Clerk in acordance with Rule 574, Texas Rules of Civil Procedure. Appellee, the Justice of the Peace, announced to the attorneys representing the parties that the State had no right to appeal and that he would refuse the appeal. On the 19th day of January, 1952, when no transcript was forwarded, the State of Texas filed the petition in the County Court of Galveston County praying for a writ of mandamus ordering the said Justice of the Peace to prepare and forward the transcript to the County Court. On January 31, 1952, a hearing was held on such petition for said writ in the County Court of Galveston County and the trial court sustained the defendant's exceptions to the petition and dismissed said petition for the stated reason that it did not show that the defendant had original jurisdiction and that the County Court had no appellate jurisdiction.

Appellant relies in this appeal on one point of assigned error. It contends that the court erred in dismissing the petition for writ of mandamus to order the defendant to prepare and transmit the transcript.

The State of Texas in its petition for mandamus followed the method and procedure for an appeal from a justice court as set forth in Rules 571, 572, 573 and 574, T.R.C.P., in all particulars except that of filing an appeal bond, which the State is exempt from filing by authority of Art. 2276, V.A.T.S. and the opinion of the Texas Supreme Court in the case of Edwards v. Morton, 92 Tex. 152, 46 S.W. 792, 794. Neither a bond or a notice of appeal is required. Appellant could take his appeal

by requesting the Justice of the Peace to make out the transcript required by Art. 1673, and transmit it, with the original papers, to the Clerk of the County Court. The Court held that "Article 1673 requires the justice to perform this duty whenever an appeal has been granted, but neither the justice of the peace nor any other officer has power to grant or refuse an appeal, * * *, when the parties have so complied with the law as that they are entitled to prosecute the appeal, the certified transcript and original papers must be forwarded. * * *"

At that time the only acts required to make the State's appeal whole were the mere ministerial acts by the Justice of the Peace in preparing the transcript according to Rule 574. When the Justice of the Peace failed to prepare and transmit the transcript, the only remedy left to the State was to petition the County Court for a writ of mandamus requiring him to do so. Article V, Section 16 of the Constitution of the State of Texas, Vernon's Ann.St., and Art. 1957, V.A.T.S. are authority for the County Court to issue a writ of mandamus to enforce the jurisdiction of the court. Hart v. Wilson, Tex.Civ.App., 156 S.W. 520; Upham v. McCarson, Tex.Civ.App., 57 S.W.2d 225; Satterfield v. Rumley, Tex. Civ.App., 121 S.W.2d 390; Harbert v. Owen, Tex.Civ.App., 26 S.W.2d 670.

Article 642a, V.A.T.S., Penal Code, was passed by the last Legislature. The definitions therein are taken almost verbatim from Title 15 U.S.C.A. § 1171(a), Art. 642a deals exclusively with slot machines.

Art. 2454, V.A.T.S., provides that a party to final judgment in the Justice Court may appeal if the amount in controversy exceeds $20.00. The State alleged that, "The machines which are the subject of the aforementioned cause are valued in excess of $20.00."

The case of State v. Langford, Tex.Civ. App., 144 S.W.2d 448, was an appeal from a show cause destruction hearing in the District Court of Gregg County. The District Court had ordered the machines returned. The State appealed and the judgment was reversed with instruction that the machines be destroyed.

Appellant contends that Sec. 5 of Art. 642a, V.A.T.S., Penal Code, gives the Justice Court, the County Court, and the District Court original and concurrent jurisdiction irrespective of the value of the machines involved, under Article V, Sec. 19, Constitution of the State of Texas, which, in defining the jurisdiction of the Justice Court, says in part, "* * * and such other jurisdiction, criminal and civil, as may be provided by law, under such regulations as may be prescribed by law; * * *."

It is undisputed that in the instant case the Texas Ranger seized what is believed to be, according to appellant, $75,000.00 worth of electric race horse slot machines, but legal proof of the value is uncertain since the trial court dismissed the case.

Under the above facts, we think, the trial court erred in its dismissal of the petition for writ of mandamus to require the defendant to prepare and transmit the transcript as requested.

It follows that the judgment of the trial court must be reversed and the cause remanded with instructions to the court below to issue the writ of mandamus as prayed for by the State of Texas commanding appellee, Justice of the Peace of Precinct 1, Court B, Galveston County, Texas, to prepare and transmit to the County Court of Galveston County, Texas, a complete certified transcript of all proceedings had in his Court in the cause numbered and styled No. 43,053, The State of Texas v. 106 Electric Race Horse Slot Machines.

Reversed and remanded with instructions.