

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00028-CV

———————————————

TERESA WARD COOPER, Appellant

V.

BLUE WATER SHORES PROPERTY OWNERS' ASSOCIATION, Appellee

On Appeal from the County Court at Law
Hood County, Texas
Trial Court No. C08913

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

Teresa Ward Cooper appeals from a summary judgment for Blue Water Shores Property Owners' Association. In two issues, she argues that the summary judgment was void ab initio and that the trial court violated her right to due process. We affirm.

## Background

Cooper initially filed a petition in the justice of the peace court in Hood County, Texas. She sought to compel Blue Water Shores to allow her access to copies of its books and records, and she also sought a recount of a vote for Blue Water Shores' officers. *See* Tex. Prop. Code Ann. § 209.0057. She later amended her petition to bring additional claims.[1] The justice court rendered a take-nothing summary judgment for Blue Water Shores, and Cooper appealed that ruling to the county court on August 14, 2023. The justice court's file was transmitted to the county court clerk, who file-stamped it on August 16, 2023.

Blue Water Shores filed another motion for summary judgment in the county court, contending that Cooper had no standing because she had failed to show that she owned property within the subdivision that would entitle her to membership in Blue Water Shores and, thus, the relief for which she sued. The county court granted a take-nothing summary judgment for Blue Water Shores, and Cooper appealed.

---

[1] This Plaintiff's First Amended Petition is included in the clerk's record under the Tab entitled "Small Claims File Part 2," with the other records of the justice court that were file-stamped August 16, 2023, by the county court clerk.

## Analysis

Cooper's appellate issues are based on a single premise: that the county court was without jurisdiction to render summary judgment on October 12, 2023, because at that time it had not received every document that had been filed in the justice court—most importantly, her first amended petition. Even if the appellate record does not contradict Cooper's assertion that the justice court failed to immediately send every "paper[] in the case" to the county court clerk,[2] her jurisdiction argument fails. *See Greer v. JP Morgan Mortg. Acquisition Corp.*, No. 14-21-00583-CV, 2023 WL 2659099, at *3 (Tex. App.—Houston [14th Dist.] Mar. 28, 2023, pet. denied) (mem. op.); *Imperial Motor Sales Co. v. Brannon*, 217 S.W. 761, 761 (Tex. App.—Fort Worth 1919, no writ); *see also* Tex. R. Civ. P. 510.10(a) (providing that justice court's duty to forward record does not occur until after "an appeal has been perfected"). And Cooper did not preserve any due-process complaint based on the justice court's alleged failure to transmit a complete record to the county court clerk.

We overrule Cooper's issues and affirm the trial court's judgment.

---

[2]In addition to the fact that the first amended petition is included in the clerk's record with the other justice court documents, Cooper expressly referenced her first amended petition in her special exceptions to Blue Water Shores' county court motion for summary judgment. Thus, not only was the petition's existence in light of the summary-judgment proceeding before the county court when it made its ruling, but also the petition is not evidence that Cooper owned property in Blue Water Shores sufficient to show her standing. *See Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995).

/s/ Mike Wallach

Mike Wallach

Justice

Delivered: August 8, 2024