THE CITIZENS RAILWAY COMPANY v. J. W. MADDEN.

Decided February 10, 1897.

**Justice Court—Appeal—Filing Transcript—Diligence.**

Appellant, who had perfected an appeal from the Justice to the County Court, was not in fault in failing to resort to mandamus to secure the filing of transcript therein until the first day of the second term, the time limited by law therefor, and where he procured the transcript to be filed on the third day of such term his diligence was equal to a resort to mandamus. It was error, on a motion thereafter made, to dismiss the appeal for failure to have it sooner filed.

APPEAL from the County Court of McLennan County. Tried below before Hon. W. H. JENKINS.

*Clark & Bolinger,* for appellant.

FISHER, CHIEF JUSTICE—Appellee, on December 19, 1895, sued appellant, a private corporation operating a street railway in the city of Waco, for $175 actual damages for negligently killing a dog belonging to said appellee, said suit being filed in the Justice Court of Precinct No. 1, McLennan County, Texas.

Appellant pleaded a general demurrer, general denial, and specially that appellee was guilty of contributory negligence.

Said cause was tried by a jury on the 25th day of September, 1895, and verdict and judgment rendered for appellee for the sum of $53.

On October 1, 1895, appellant duly filed its appeal bond in said Justice Court, which said bond was duly approved and filed on said first day of October, 1895, by J. B. Earle, Justice of the Peace, Precinct No. 1, McLennan County, Texas.

On March 26, 1895, appellee filed motion to dismiss the appeal in the above cause in the County Court, because the record in said cause

was not transmitted to the County Court until the 9th day of January, 1896. Appellant answered said motion by stating that it had duly perfected its appeal by filing appeal bond within ten days after the rendition of said judgment in the Justice Court, as required by law, and that the transcript and record were filed by the Justice on January 9th, 1896, at the second term after the perfection of the appeal and long before any motion to dismiss said appeal had been filed. On the 17th day of April, 1896, in the County Court of McLennan County, Texas, motion of appellee to dismiss the appeal was sustained by the court, said cause was duly dismissed, and judgment ordered to be certified to the Justice of the Peace from which said cause was appealed.

The court below evidently dismissed this case for the reason that the transcript from the Justice Court was not filed in the court below within the time required by law.

The statute requires the appeal to be perfected from the judgment of the Justice Court by executing the bond within ten days after judgment, which appears to have been done in this case. The statute also requires that the transcript from the Justice Court shall be filed in the County Court at the first term, but if there be not time to make out and transmit the same to that term, the transcript may be transmitted and filed before the first day of the second term of the County Court.

The transcript in this case was not sent up at the first term, and was not filed in the County Court until the third day of the second term. Under this statute the appellant has until the first day of the second term of the County Court in which to file its transcript in that court, and the Justice of the Peace could not under the law be required to transmit the papers to that court before the first day of the second term.

The remedy by mandamus which would lie against the Justice of the Peace if he failed or refused to comply with the law in transmitting the transcript to the County Court would not exist until the expiration of the time given him by law in which to transmit the papers to that court—unless in a case where it was shown that he had refused to make up the transcript and that it was not his purpose or intention to do so, and, in such a case mandamus would go against him, although the full time may not have expired in which he should transmit to the County Court the transcript. But such is not the case here. It does not appear from the record that the appellant could have availed itself of the remedy by mandamus prior to the time in which under the law the Justice of the Peace was required to send up the transcript. It is true, upon failure to file the transcript on the first day of the succeeding term of the County Court the appellant could have immediately applied for and doubtless obtained a writ of mandamus against the Justice of the Peace requiring him to transmit to the County Court the transcript; and if in obedience to this mandate the Justice of the Peace had complied with the order and sent up the transcript it would have been held to have been filed in time, although actually filed in the County

Court after the first day of such succeeding term. Now, here, the record shows that while the appellant did not resort to mandamus in order to have the transcript sent up and filed in the County Court, the same was sent up and filed on the third day of the succeeding term of that court, and filing it at that time is believed to be diligence in the effort to comply with the law equal to that of a resort to mandamus in order to accomplish the same purpose. In the nature of things it is not reasonable to suppose that the appellant could have by mandamus procured the transmission and filing of the transcript in the County Court at an earlier day than was actually accomplished. Consequently the failure to resort to mandamus could not be held, under the circumstances, negligence, and filing the transcript under the circumstances as shown to exist in this case was within time.

The judgment is reversed and the cause remanded.

*Reversed and remanded*