FORT WORTH & DENVER CITY RAILWAY COMPANY v. W. B. WORSHAM.

Decided November 2, 1907.

**Railroads—Killing Stock—Proximate Cause—Defective Fence.**

After a railroad company has fenced its track it is liable to the owner of stock killed by its trains only upon proof that it was negligent in maintaining such fence or in operating its trains, and that such negligence was the proximate cause of the killing. Where a railroad company's fence was so defective that stock could enter upon the right of way through the fence, still the company would not be liable for stock killed by its trains when the stock entered on the right of way through open private gates, and not through the fence.

Appeal from the County Court of Clay County. Tried below before Hon. S. A. Denny.

*Spoonts, Thompson & Barwise* and *W. T. Allen,* for appellant.

*J. C. Chestnutt* and *P. M. Stine,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee recovered judgment against appellant in the sum of $343.50, the value of certain cattle alleged to have been killed through appellant's negligence in maintaining its right of way fence and in operating its engines.

Appellant's first assignment of error calls in question the following paragraph of the court's charge: "3. If you find and believe from the evidence that defendant's right of way fence was a good and sufficient fence to turn stock and keep stock off its right of way and track, and you find that the cattle or any of them entered through the gate and that said gate was open and that said cattle entered in upon defendant's track and were killed, then you will find for the defendant for all of the cattle entering at such gate. However, if you should believe and find from the evidence that the right of way fence of the defendant was negligently permitted to become and remain insufficient to turn stock and keep cattle off its right of way and from its track, and that cattle entered and could enter its right of way, then, even though the gate was open, the defendant would be liable for the negligent killing of cattle by defendant's engines and cars, and if you should so find, you will find for plaintiff the damages sustained or found from the evidence."

After a railway company has fenced in its right of way, it is then liable to the owner of stock killed by its trains only upon proof that it was negligent in maintaining such fences or in operating its trains, and that by reason of such negligence stock entered and were killed. Under the decisions it is the duty of the person for whose benefit private gates are erected to keep the same shut, and where stock enter through such open gates the railway company is not liable in the absence of negligence in the operation of its trains. Texas & P. Ry. Co. v. Glenn, 8 Texas Civ. App., 303; Missouri, K. & T. Ry. Co. v. Johnson, 39 S. W. Rep., 323; San Antonio & A. P. Ry. Co. v. Robinson, 17 Texas Civ. App., 401. Tested by these principles, the charge was clearly wrong in that it authorized a verdict against appellant if it had negligently allowed its fences to become and remain out of repair, even though appellee's stock entered through the open gates and were killed. In such an event the negligence of appellant, even though ever so well established, would not be the proximate cause of the injury, the recovery being, as already indicated, upon proof of negligence resulting in injury, rather than upon a statutory liability, as where the company had not fenced in its right of way in the first place. We do not construe the above quoted charge as submitting the issue of negligent operation of the train or trains which killed appellee's cattle, but as referring solely to the issue of negligence in maintaining the right of way fence.

For the error contained in the charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*