COOK v. TEXAS & P. RY. CO.　(No. 3414.)

Court of Civil Appeals' of Texas. Texarkana. June 30, 1927.

Motion of Appellee to Certify Denied July 7, 1927.

1. Railroads ⬅412(4)—Statute providing railroad company may, by fencing right of way, avoid liability for stock injured requires fence sufficient to turn ordinary stock; "fencing their tracks."

The statute which provides that railroad companies may avoid absolute liability for stock injured or killed on the right of way by "fencing their tracks" means a complete inclosure sufficient to turn stock of ordinary habits and disposition.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fence.]

2. Railroads ⬅412(1)—Under statute, railroad company was liable for stock killed on fenced right of way, where fence had ceased to be complete inclosure.

Where fence on railroad right of way had ceased to be a complete inclosure and plaintiff's stock got on the right of way and were killed by train, railroad was liable in damages, as the statute providing immunity through fencing requires that the fence be kept in repair.

3. Railroads ⬅412(1)—Statute relative to fencing right of way gives company option to maintain sufficient fence or incur absolute liability for stock injured.

Under the statute providing immunity to a railroad company for injury to animals on fenced right of way, companies have the option of incurring absolute liability or of maintaining sufficient fences.

4. Railroads ⬅412(1)—Failure to maintain fence as complete inclosure rendered company liable for injured stock, though latter entered right of way through gate.

Where railroad company inexcusably failed to maintain the fences on its right of way as a complete inclosure and plaintiff's stock on right of way were killed, fact that the stock had gone onto the right of way through an open gate did not relieve the company of liability, since the rule of proximate cause has no application where there is an inexcusable failure to maintain a complete inclosure.

On Motion of Appellee to Certify.

5. Courts ⬅247(7)—There is no occasion to certify to Supreme Court a question already settled by it.

Upon motion to certify to the Supreme Court the question of a railroad's liability for stock injured when right of way was fenced, held that, since the question had already been settled by the Supreme Court, there was no occasion to certify it again.

Appeal from Harrison County Court; John W. Scott, Judge.

Action by H. F. Cook and others against the Texas & Pacific Railway Company. Judgment for defendant, and plaintiff H. F. Cook appeals. Reversed and rendered.

Huffman & Huffman, of Marshall, for appellant.

Geo. Prendergast, of Marshall, for appellee.

HODGES, J. This is the second appeal of this case. The former is reported in 279 S. W. 292. Appellant sued to recover $400 as the value of two mules killed by one of appellee's trains on the railway right of way. The facts show that at that point the railroad runs east and west through a pasture belonging to the appellant. The right of way had been inclosed with a fence. Gates were left on each side of the railroad for the convenience of the appellant. The mules were killed about 100 feet east of where the gates were located. No negligence was shown in the, operation of the train as a cause of the killing.

The court found that the mules entered the right of way through the north gate, which had been left open by some unknown person. The evidence showed, and the court found, that the railway inclosure at that point was defective. He rendered a judgment against the plaintiff, however, upon the ground that the defective condition of the fence was not the proximate cause of the injury. He was probably induced to so hold by the opinion of this court rendered on the former appeal.

If the facts disclosed by the record in this appeal were the same as those in the first, we think the judgment should be affirmed. But both the evidence and the findings of the court show a situation materially different.

In the former appeal the evidence showed a complete inclosure of the railway right of way. Only two defects of any importance were disclosed, and those were where the fence crossed ravines. The testimony was that when the water was down at those places, mules, horses, and cattle could enter the railway right of way by passing under the fence. The record on that appeal did not show whether the water was low or high at the time the mules were killed, and it conclusively appeared that the stock had entered at a different point on the right of way. The following is a part of the trial court's findings of fact in this appeal:

"It is shown that in the construction of the fence the railway company had left gates at the request of the plaintiff—one on the north side and one on the south side of the track. The evidence further shows that after the fence was constructed the company cut its fence at a bridge or culvert so as to permit the passage of plaintiff's stock from one portion of his pasture to another, and that there had been constructed fences from the trestle to the fence sufficient to turn stock, but that for a period of three or four months a portion of this fence, 25 to 40 feet from the end of the trestle out to the main fence, had been down, and that stock could enter the right of way at this point; that this was known to the plaintiff and could and should have been known to the section foreman and hands of defendant company; that the gate, 8 by 12 feet, on the south side of the track, was down and had been for some time; and that the north gate at the time these mules were killed was in such shape as to leave a space of about 18 inches between the end of the gate and the post."

[1-3] The statute which provides that railway companies may avoid absolute liability for stock injured or killed on the right of way by fencing their tracks means a complete inclosure sufficient to turn stock of ordinary habits and disposition. Railway Co. v. Swan, 97 Tex. 338, 78 S. W. 920; Tex. Cent. Ry. Co. v. Pruitt, 101 Tex. 548, 109 S. W. 925; H. & W. T. Ry. Co. v. Lee (Tex. Civ. App.) 135 S. W. 694. When a fence has once been constructed the duty to maintain it in proper condition is absolute, if the immunity is to continue. Under the facts disclosed by the record now before us there was no complete inclosure of the railway tract at that place, and the liability of the appellee for killing the mules is absolute. The fact that the fence and fallen gate might have been repaired at a small cost is no legal excuse for the prolonged failure of the railway company to make those necessary repairs. It was not required by law to fence its track. It had the option of incurring absolute liability for injuring stock on its right of way or of maintaining a sufficient fence. It had a right to choose the former.

[4] The rule of proximate cause has no application where there is an inexcusable failure to maintain a complete inclosure. It is true it was the duty of the appellant to keep the gates closed, since they were placed there for his convenience. But he was not required to do a useless thing. Closing the only gate which remained standing would not have prevented stock from entering the right of way at other places in that immediate vicinity.

Only one witness testified in the trial below on the question of value. He stated that the mules were worth, at the time killed, from $400 to $450. In order to put an end to this litigation we shall adopt the lower estimate. The judgment of the trial court will therefore be reversed and judgment here rendered in favor of the appellant for the sum of $400.

On Motion of Appellee to Certify.

[5] Appellee has filed a motion asking that the controlling question in this case be certified to the Supreme Court, on the ground that the ruling is in conflict with the following cases: S. A. & A. P. Ry. Co. v. Robertson (Ky.) 43 S. W. 706, and F. W. & D. C. R. R. Co. v. Worsham, 47 Tex. Civ. App. 350, 105 S. W. 853. Those cases were decided upon the proposition that when the railway company had once fenced its track it was required to exercise only ordinary care to keep the fence in repair in order to escape absolute liability for stock killed on the right of way. That holding is in conflict with a later decision by the Supreme Court in Railway Co. v. Pruitt, 101 Tex. 548, 109 S. W. 925, referred to in the original opinion. In deciding the present case we have undertaken to follow the rule laid down by the Supreme Court. There is no occasion to certify a question which has already been settled by the decisions of that court.

The motion is overruled.