## MERRILL et al. v. DICKERSON et ux. (No. 352.)

Court of Civil Appeals of Texas. Eastland. Nov. 18, 1927.

1. Justices of the peace ⚎164(3)—One appealing to county court from judgment of justice must use diligence to see that transcript is filed within time (Rev. St. 1925, arts. 2458, 2459).

Party appealing from judgment of justice must exercise diligence to see that transcript is filed in county court within time allowed by Rev. St. 1925, arts. 2458, 2459, in order to avoid dismissal of appeal on ground of his negligence and for want of prosecution preventing exercise of jurisdiction of county court, though by terms of statute justice is to make up and transmit transcript.

2. Justices of the peace ⚎164(3)—Transcript must be filed in county court to show court's jurisdiction under appeal bond from justice court (Rev. St. 1925, arts. 2458, 2459).

To show the jurisdiction conferred on the county court by the filing of the appeal bond from justice's judgment, it is essential that transcript of justice be filed in county court, as required by Rev. St. 1925, arts. 2458, 2459.

3. Justices of the peace ⚎164(3)—Unless appellants' delay was excused, failure to file transcript on appeal from justice to county court until last day of second term after appeal was perfected required dismissal (Rev. St. 1925, arts. 2458, 2459).

Where transcript of proceedings in justice court was not filed in county court until last day of second term of county court after appeal was perfected, and after other party had moved to dismiss, circumstances required dismissal of appeal under Rev. St. 1925, arts. 2458, 2459, unless appellants offered satisfactory explanation or excuse for delay.

4. Justices of the peace ⚎164(3)—Delay of appellants in filing transcript on appeal from justice to county court held sufficiently excused by undenied explanation of pending negotiations for settlement (Rev. St. 1925, arts. 2458, 2459).

Where appellants, on appeal from justice to county court, excused delay in filing transcript under Rev. St. 1925, arts. 2458, 2459, on ground that negotiations for settlement were pending and such explanation was not denied, delay was sufficiently excused, and action of court in dismissing appeal was error.

Appeal from Erath County Court; A. P. Young, Judge.

Suit by Bill Dickerson and wife against C. H. Merrill and others. After a judgment for plaintiffs in justice court, defendants' appeal to the county court was dismissed, and, from the judgment of dismissal, defendants appeal. Reversed and remanded.

Chandler & Chandler, of Stephenville, for appellants.
Sam M. Russell, of Stephenville, for appellees.

LESLIE, J. This suit originated in the justice court, precinct No. 1, Erath county, Tex., and resulted in a judgment in favor of the plaintiffs Bill Dickerson and wife against defendants C. H. Merrill, principal, and his sureties, on a "lunatic bond." This appeal is from a judgment of the county court of that county, dismissing for want of prosecution an appeal from the judgment rendered in the justice court. The judgment was rendered in the justice court February

═══════

6, 1926. An appeal bond was duly filed in that court by appellants February 13th following, and it was approved by the justice of the peace.

After the appeal was thus perfected, the county court of Erath county met in regular session March 1, 1926, and adjourned by operation of law May 15, 1926. The second term of said county court—after the appeal was perfected—met May 17, 1926, and adjourned September 4, 1926. On September 4th appellees filed a motion to dismiss the appeal for want of prosecution, based on negligence upon the part of appellants in not filing or procuring to be filed the papers and transcript of the suit in justice court in the county court. Notice of such motion was served that day upon appellants, who at that time filed in the county court the original papers, together with a transcript of the proceedings in the justice court, answered ready for trial, and also by answer resisted the appellee's motion to dismiss. The court considering the time too limited in which to try the case, it then being the evening of the last day of the term of court, postponed action upon appellees' motion to dismiss, and the term of court expired without further proceedings in the cause.

The third term of the county court—after the appeal taken—met September 6 and adjourned November 13, 1926. No proceedings were had in this cause during that term. The fourth term of the county court met November 15, 1926, and adjourned March 5, 1927. During this term, and on December 20, 1926, appellees' motion to dismiss came on for hearing, and, after a consideration of the testimony introduced by the respective parties, the court dismissed the appeal. From this order and judgment the appeal is prosecuted.

Article 2458, R. S., provides:

"When the bond, or the affidavit in lieu thereof, provided for in the two preceding articles, has been filed, and the previous requirements of this chapter have been complied with, the appeal shall be held to be perfected."

Article 2459 of the same statute provides:

"Whenever an appeal has been granted from the justice court to the county court, the justice who made the order shall immediately make out a true and correct copy of all the entries made on his docket in the cause, and certify thereto officially, and send it, together with a certified copy of the bill of costs taken from his fee book, and the original papers in the cause, to the clerk of the county court of his county. Such transcript and papers shall, if practicable, be sent to said county clerk on or before the first day of the next term of such court; but, if there be not time to make out and send the same to the first term, they may be so sent on or before the first day of the second term of the court."

[1, 2] From the article last quoted it will be observed that it is the duty of the justice of the peace to make up and transmit to the clerk of the county court a transcript in causes appealed from such court to the county court. This with the original papers he should there file, as prescribed by statute. While it is true that this duty devolves upon the justice of the peace, it does not follow that no burden or duty rests upon the appellant to see that the papers and transcript in such instances are properly and promptly filed in the county court. A certain diligence is required of the appellant in such case, and, if he fails to exercise it and file or procure the filing of such papers and transcript in the county court, he takes the hazard of having his appeal dismissed upon the ground of negligence and for want of prosecution. In other words, to show the jurisdiction conferred on the county court by the filing of the appeal bond, it is essential that the transcript be filed in that court. McCorvey v. Huddleston (Tex. Civ. App.) 262 S. W. 567; H. & T. C. Ry. Co. v. Aycock (Tex. Civ. App.) 201 S. W. 664; Cariker v. Dill (Tex. Civ. App.) 140 S. W. 843.

[3, 4] From the above authorities and numerous others, it appears that a motion to dismiss the appeal under the circumstances should be sustained, in the absence of a satisfactory explanation or excuse on the part of the appellants for the delay. We therefore examine the testimony offered at the hearing on the motion to dismiss. That testimony indicates: That during the time of delay in filing the transcript in the county court of Erath county negotiations for a settlement were being discussed and carried on by appellees and appellants, through the medium of appellants' attorney, and that appellee Dickerson and said attorney agreed that, to avoid unnecessary cost in event of settlement, the transcript should be held up, pending the outcome of such efforts for settlement. That during that time some three or four and possibly five propositions were submitted by appellee Dickerson to appellants through said attorney, none of which were accepted. The justice of the peace refrained from filing the transcript by reason of the understanding between Dickerson and said attorney. That during the second week of the May term of court the attorney for appellees requested of appellants' attorney, E. T. Chandler, to know what was going to be done about the case, and that said Chandler informed him if it could not be settled he would bring up the transcript and agreed to try the case at any time. That attorney for appellee stated he was then busy as district attorney in the district court of another county, that he did not know when he would be back, and that he would see him later. In the meantime,

the negotiations for settlement between appellees and appellants seem to have continued in a way until terminated by appellees' motion to dismiss, to which appellants replied, and at which time they immediately filed the transcript in the county court and answered ready for trial as before indicated.

From the viewpoint of the appellants, this substantially reflects the testimony offered at the trial on the motion to dismiss. It is evident that Russell, the attorney for appellees, never entered into any of these negotiations for a settlement, but there is no testimony in the record by his clients, the Dickersons, or any one else, in any way disputing or denying the accuracy or reasonableness of appellants' explanation for the delay in filing the transcript in the county court. In the absence of some denial upon the part of the appellees of the matters testified to by the appellants' attorney, it occurs to us that the delay of appellants in filing the papers was explained to such an extent that the trial court should not have granted the motion to dismiss.

So believing, we therefore sustain the assignments to the action of the trial court in dismissing the appeal, and the judgment is therefore reversed, and the cause remanded to the county court of Erath county for a trial upon the merits.

PANNILL, C. J., not sitting.