LESHIKAR v. FIRST NAT. BANK OF SMITHVILLE. (No. 7335.)

Court of Civil Appeals of Texas. Austin. March 20, 1929.

Rehearing Denied April 10, 1929.

C. W. Webb, of Elgin, and Edw. H. Moss, of La Grange, for appellant.

Alexander & Alexander, of Smithville, for appellee.

BLAIR, J. Appellant sued appellee in the justice court for $190.50, alleging that he gave S. M. Humphrey a check for $6, drawn on his account in appellee bank; that without his knowledge or consent Humphrey forged, altered, and raised the amount of the check to $196.50, presented it to appellee, who unlawfully paid same and charged the amount thereof to appellant's account. Appellee answered that the check was not forged or raised, but that appellant wrote the whole check for the purpose of directing and authorizing appellee to pay Humphrey $196.-50, which it did pay.

A trial in the justice court resulted in a judgment for appellant, but, on appeal to the county court, judgment was in favor of appellee; hence this appeal on two grounds:

1. That the trial court erred in sustaining appellee's motion to require the justice of the peace to file a corrected transcript on appeal to the county court more than one year after the appeal was perfected, but should have dismissed the appeal on appellant's motion for want of prosecution. The record shows that the transcript and papers were filed within the proper time on appeal to the county court, after which the case was continued by agreement of the parties and "without prejudice" for the next succeeding four terms of the county court. Appellee then discovered for the first time that the transcript was defective in several particulars, and moved to have the justice of the peace correct same. Appellant then filed his motion to dismiss the appeal for want of prosecution, which was overruled.

Appellant, having agreed to four continuances of the case after the appeal was perfected, must be held to have waived the defective manner of the appeal. Jones v. Spann, 3 Willson, Civ. Cas. Ct. App. § 283, G. C. & S. F. Ry. Co. v. Connerty, 4 Willson, Civ. Cas. Ct. App. § 207, 15 S. W. 504. Appellant contends, however, that, since the continuances were agreed to "without prejudice" at each term, his motion to dismiss for want of prosecution did not come too late. But the agreed continuances were made "without prejudice" to either party to the suit, and therefore cannot affect the rule announced. This is especially true in the case at bar, where appellee convinced the court that it had not been at fault in failing to discover the defects in the transcript before it filed its motion. Where a defective transcript is filed within the time prescribed by statute on an appeal

1114

from the justice to the county court, the county court may direct the justice of the peace to correct same within a reasonable time.

2. Appellant's remaining contention is that the evidence showed the check in question to be forged or raised as a matter of law. Appellant testified that the check was made out for $6, and was therefore raised without his knowledge or consent to $196.50. On the other hand, Mr. Wilkes testified that appellant had done business with appellee for 12 or 15 years; that as cashier he was familiar with appellant's handwriting; that the check in question had been written by appellant. Witness further testified: "As to the handwriting in the body of the instrument I am almost positive that it is his writing, looks like the writing I am accustomed to seeing when he writes out a check."

While on the witness stand in the justice court, appellant was asked to write without looking at the check in question a check as he would write it for $196.50, giving dates, names, etc., used in the check in question. He did so. That check was introduced in the trial in the county court, and is brought up as a part of the record here. It is practically identical, even to a misspelled word, with the check in question. The evidence is therefore conflicting on the issue of whether the check had been forged or raised as alleged, and the trial court's judgment based on the conflicting evidence must be affirmed.

Affirmed.