## TRADERS' SECURITY CO. v. GAYLOR.
### No. 3550.

Court of Civil Appeals of Texas. Amarillo.
Feb. 11, 1931.

Slough, Gibson & Slough, of Amarillo, for appellant.

Hoover, Hoover & Cussen, of Canadian, for appellee.

JACKSON, J.

The appellant, Traders' Security Company, instituted this suit in justice court, precinct No. 1, Hemphill county, Tex., against the appellee, A. C. Gaylor, to recover on trade acceptances aggregating the sum of $178.80.

On April 24, 1929, there was a trial of the case in justice court, which resulted in a judgment that appellant take nothing by his suit and that appellee go hence without day with his costs. The appellant excepted to this judgment obtained in the justice court and gave notice of appeal to the county court, and the justice of the peace prepared a purported transcript which was forwarded to the county court and filed with the clerk of said county court on May 11, 1929.

The case was continued on the docket of the county court by agreement of the attorneys representing the appellant and appellee, until the September term of said court, 1930, at which term the appellee made a motion to dismiss appellant's appeal from the justice court to the county court, because the transcript filed May 11th was defective and the appellant had negligently failed to perform its duty in seeing that a proper transcript was filed in the county court and negligently failed to prosecute his appeal as required by law.

At the same term of court, the appellant, by a proper motion, sought to file a transcript of the proceedings of the justice court, which transcript was attached to and made a part of its motion.

The court denied appellant's motion, sustained appellee's motion, and entered judgment dismissing the appeal for the reason that the appellant had negligently failed to have filed in the county court a proper transcript and prosecute its appeal from justice court as and within the time required by the statute, from which action of the court this appeal is prosecuted.

■ The record discloses that the county court of Hemphill county convenes on the first Mondays in March, June, September. and December of each year. That at each term of the county court, after the defective transcript was filed, the case was continued on the docket of the county court by agreement of the attorneys, and that at the September term, 1929, and the March and June terms, 1930, the case was continued at the request of appellee's lawyers. That appellant's attorneys did not discover the defective condition of the transcript until the motion filed by the appellee to dismiss the appeal from justice court. The letters written to appellant's attorneys by appellee's attorneys indicate that appellant's attorneys reside in Amarillo, Potter county, Tex., and appellee's attorneys reside in Canadian, Hemphill county, Tex.

In Leshikar v. First National Bank of Smithville, 15 S.W.(2d) 1113, the Court of Civil Appeals at Austin, in passing upon a question presenting similar conditions to those urged here by appellant, says it is contended:

"That the trial court erred in sustaining appellee's motion to require the justice of the peace to file a corrected transcript on appeal to the county court more than one year after the appeal was perfected, but should have dismissed the appeal on appellant's motion for want of prosecution.

"The record shows that the transcript and papers were filed within the proper time on appeal to the county court, after which the case was continued by agreement of the parties and 'without prejudice' for the next succeeding four terms of the county court. Appellee then discovered for the first time that the transcript was defective in several particulars, and moved to have the justice of the peace correct same. Appellant then filed his motion to dismiss the appeal for want of prosecution, which was overruled.

"Appellant, having agreed to four continuances of the case after the appeal was perfected, must be held to have waived the defective manner of the appeal"—citing authorities.

In our opinion, the court should have permitted the appellant to have filed its amended transcript from the justice court to the county court. Merrill et al. v. Dickerson et ux. (Tex. Civ. App.) 300 S. W. 188.

The judgment is reversed and the cause remanded, with instructions to permit the appellant to file its amended transcript from the justice court in the county court and proceed with the trial of the case on its merits.