## CLEMENTS v. FLOYD COUNTY.
### No. 4767.

Court of Civil Appeals of Texas. Amarillo.
June 7, 1937.
Rehearing Denied July 10, 1937.

L. G. Mathews, of Floydada, and Crenshaw & Dupree, of Lubbcok, for appellant.

Griffin & Morehead, of Plainview, and W. F. Newsome, of Floydada, for appellee.

STOKES, Justice.

On January 13, 1936, the commissioners' court of Floyd County entered an order appointing a jury of view to lay out in that county a road from Floydada, the county seat of Floyd County, to Silverton, the county seat of Briscoe county, and to assess the damages occasioned owners of property in Floyd County over which the road was projected. The road as laid out crossed a section of land owned by appellant, entering near the southwest corner and emerging near the northeast corner, and assessed appellant's damages at the sum of $1,250. Appellant had filed a claim with the jury of view, laying his damages at $5,665. The jury of view duly made its report to the commissioners' court of Floyd County, and on January 27, 1936, an order was entered approving the award. On February 3, 1936, appellant filed with the county clerk his notice of appeal from the award of the commissioners' court, which included exceptions and objections thereto, and again asserting his damages in the sum of $5,-665, which notice was filed by the county clerk and docketed on the trial docket of the county court. Due notice of the appeal was served on the county judge and the case was first set to be tried on March 23d, but on account of the illness of appellant, it was postponed until April 8, 1936, and afterwards continued by agreement of the parties and reset for June 22d,

which was the seventh day of the second week of the second term of the county court after the appeal had been taken from the order of the commissioners' court.

On June 22d the case was called for trial, and counsel for Floyd County filed a motion to dismiss the appeal on the ground that appellant had not complied with the provisions of the law relating to the filing of a transcript of the proceedings had by the jury of view and the commissioners' court, and failure to file in the county court the original papers which had been filed in the hearings before the jury of view and the commissioners' court. Appellant filed an answer to the motion, asserting that no necessity existed under the law for a transcript, and that the original papers were in possession of the county clerk who was ex-officio clerk of the commissioners' court, rendering it unnecessary to refile them in the county court. Upon the hearing of the motion appellant, through his counsel, announced ready for trial on the main case, still contending that the filing of a transcript and the original papers was not necessary, but offered to have the clerk prepare and file a transcript of the former proceedings immediately, and file the original papers if, in the opinion of the court, the motion was well taken and a transcript and the filing of the original papers were by the court considered necessary.

The trial court sustained the motion of appellee and dismissed the case for want of prosecution. Appellant duly excepted and gave notice of appeal and has brought the judgment before this court for review.

■ Appellee has filed in this court a motion to dismiss the appeal because the transcript in this court does not reveal a transcript having been filed in the county court of the proceedings had before the commissioners' court. The motion was filed in this court on September 2, 1936, and was passed, to be considered with the main case. As the motion to dismiss involves the identical question that is involved in the main case, the disposition which we make of the appeal necessarily disposes of the motion. We will observe here, however, that this court would not be deprived of its appellate jurisdiction by the absence of a transcript in the county court of proceedings be-

fore the commissioners' court when the very question of the necessity of such a transcript in the trial court is the subject of the appeal.

■ Article 6710, R.C.S., 1925, among other things, provides that a landowner upon whose land a road has been laid out may appeal from the order of the commissioners' court assessing his damages as in cases of appeal from judgments of justice courts. Article 2459, R.C.S., provides that when an appeal has been granted from the justice court to the county court, the justice who made the order shall immediately make out a copy of the entries on his docket, certify to same, and send it, together with a certified copy of the bill of costs and the original papers in the cause, to the clerk of the county court. It is provided that such transcript and papers shall, if practicable, be transmitted on or before the first day of the next term of the county court, but if there be not time to make out and send same at that time, they may be so sent on or before the first day of the second term of the county court.

It has been held by the Supreme Court of this state that the purpose of requiring a transcript from the justice court to the county court is to show the latter court has jurisdiction to hear the cause. Jurisdiction is not conferred or given to the county court by the transcript, but it is the only reliable means by which the county court may ascertain that it has jurisdiction. Wells v. Driskell, 105 Tex. 77, 145 S.W. 333. It has long been settled that the county court has exclusive jurisdiction to hear appeals from orders of the commissioners' court awarding damages for land taken for road purposes, hence when notice of appeal is given and the proper pleadings filed in the county court, within the time provided by law, and bond filed, when bond is required, jurisdiction is conferred. We do not mean to say that a transcript in an appeal from a justice court to the county court is not necessary, but that its purpose is incidental as far as jurisdiction is concerned.

■ The basis of the motion to dismiss the case was the negligence of appellant and his lack of diligence in prosecuting his appeal, and the trial court concluded the case had not been prosecuted with due diligence in that no effort had been made to procure and file a transcript. The motion to dismiss was filed only six

or seven days after the last day provided by law for filing the transcript.

It is our opinion that counsel for appellant were in error in their contention that a transcript of the proceedings before the commissioners' court was not necessary in an appeal from the award of that court. It is just as necessary to have a transcript before the county court in that kind of proceeding as it is in any other kind of an appeal. The purpose of such a transcript is, as in other like matters, to show the county court has jurisdiction. Without it, much confusion could result in the trial and it would be difficult to conduct the proceedings in the orderly manner in which they should be conducted in courts of record.

The record shows that no delay in opening the road was occasioned by the pendency of the suit and that the award money had been set aside for the account of appellant, as provided by law. No harm resulted to appellee by what had already been done and we can conceive of no injury that would have resulted to it by permitting appellant to file a transcript and proceeding with the case upon its merits.

It has been held that the matter of whether proper diligence has been shown in matters of this kind must depend upon the facts of each case. McCorvey v. Huddleston (Tex.Civ.App.) 262 S.W. 567. Appellant was not called upon to take any steps to force preparation and filing of a transcript until the second day of the June term of the county court, which was the 16th day of June, and it was the seventh day of that term when the motion to dismiss was presented. He offered at that time to have the transcript prepared and filed within two days and it is not shown that any injury would have resulted to appellee by that short delay. We do not believe the rights of litigants should be foreclosed under such circumstances. Citizens' Ry. Co. v. Madden, 15 Tex.Civ. App. 409, 39 S.W. 323; Merrill v. Dickerson (Tex.Civ.App.) 300 S.W. 188; Traders' Security Co. v. Gaylor (Tex. Civ.App.) 35 S.W.(2d) 1059; Campbell v. Bechsenschutz (Tex.Civ.App.) 25 S.W. 971; Patty v. Miller, 5 Tex.Civ.App. 308, 24 S.W. 330.

Being of the opinion that the trial court erred in sustaining the motion of appellee to dismiss the case, the motion to dismiss the appeal filed in this court is overruled, the judgment reversed and the cause remanded to the trial court for trial upon its merits.